# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiff <br><br> v. <br><br> TOMMY SEUFER; BONNIE SEUFER; AND THE GREENBRIAR TOWNHOUSE OWNER'S ASSOCATION, INC., <br><br> Defendants | Case No.: 2:17-cv-01827-APG-PAL <br><br> **Order Granting Motion for Summary Judgment** <br><br> [ECF No. 34] |

Plaintiff Federal Home Loan Mortgage Corporation (Freddie Mac) sues to determine whether a non-judicial foreclosure sale conducted by defendant The Greenbriar Townhouse Owner's Association, Inc. (Greenbriar) extinguished Freddie Mac's deed of trust. Greenbriar purchased the property at the foreclosure sale and thereafter sold it to defendants Tommy Seufer and Bonnie Seufer.

Freddie Mac moves for summary judgment, arguing that the federal foreclosure bar in 12 U.S.C. § 4617(b)(2)(A)(i) precludes a homeowners association (HOA) foreclosure sale from extinguishing its interest in the property. The Seufers oppose, arguing that the federal foreclosure bar violates due process because it deprives them of property without notice and an opportunity to be heard. They also contend it violates the Takings Clause because it interferes with their property rights without just compensation. Greenbriar did not respond.

The parties are familiar with the facts and do not dispute them, so I will not set them out here. I grant Freddie Mac's motion. Under the federal foreclosure bar, Freddie Mac's interest cannot be extinguished by the HOA sale.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." The question of whether the federal foreclosure bar applies to preserve Freddie Mac's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Id.* at 927-31. Additionally, that court accepted as proof of ownership the same type of evidence offered in this case. *Id.* at 932-33.

The Seufers do not dispute that Freddie Mac owned an interest in the loan and deed of trust at the time of the HOA foreclosure sale. They offer no evidence raising a genuine dispute about Freddie Mac's interest, and they do not request relief under Federal Rule of Civil Procedure 56(d). Consequently, no genuine dispute remains that Freddie Mac had an interest in the property at the time of the HOA foreclosure sale that falls within the protection afforded by the federal foreclosure bar.

I previously have rejected the due process arguments the Seufers raise. *Nationstar Mortg. LLC v. Tow Properties, LLC II*, No. 2:17-cv-01770-APG-VCF, 2018 WL 2014064, at *5-7 (D. Nev. Apr. 27, 2018). So has the Ninth Circuit. *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018). The federal foreclosure bar does not violate the Seufers' due process rights as a matter of law.

Additionally, there was no taking because the Seufers never owned the property free and clear of Freddie Mac's deed of trust. The federal foreclosure bar preempts Nevada's HOA foreclosure statutes, and thus the Seufers' purported "free and clear" interest in the property never vested. *Id.* at 1148; *see also Ditech Fin. LLC v. Paradise Springs One Homeowners Ass'n*, No. 2:16-cv-02900-APG-GWF, 2018 WL 3429676, at *4 (D. Nev. July 16, 2018) ("The federal foreclosure bar precludes the HOA foreclosure sale from extinguishing Fannie Mae's interest in the property, so the HOA sale did not convey the property to Wang and Barber free and clear of the deed of trust."). Because the Seufers never held the property free and clear of Freddie Mac's deed of trust, Freddie Mac has not taken anything from them as a matter of law.

In sum, no genuine dispute remains that Freddie Mac had an interest in the note and deed of trust at the time of the HOA foreclosure. The federal foreclosure bar precludes the HOA foreclosure sale from extinguishing those interests absent the FHFA's affirmative consent, and

there is no evidence FHFA consented. The federal foreclosure bar does not violate the Seufers' due process rights nor does it constitute a taking. As a result, Freddie Mac is entitled to summary judgment.

IT IS THEREFORE ORDERED that plaintiff Federal Home Loan Mortgage Corporation's motion for summary judgment **(ECF No. 34) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on October 18, 2013, did not extinguish Federal Home Loan Mortgage Corporation's interest in the property located at 225 Pecos Way, Las Vegas, Nevada 89121, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that on or before October 26, 2018, the parties shall file a joint status report regarding what, if anything, remains of this case.

DATED this 26th day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE